WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William R. Stedcke,<br><br>            Petitioner,<br><br>v.<br><br>David Shinn, *et al.*,<br><br>            Respondents. | No. CV-20-0346-TUC-RCC (BGM)<br><br>**ORDER** |

Currently pending before the Court is Petitioner's Motion for Discovery and Motion for Summary Judgement [sic] (Doc. 16); Motion to Strike Any Further Response and Motion for Summary Judgement [sic] (Doc. 20); Motion for 60 Day Extention [sic] of Time to File Treverse [sic] from the Adjudication of the Petitioner's Motion for Discovery and Motion for Summary Judgement [sic] (Doc. 21); Motion for Mandatory Hearing Pursuant to Federal Habeas Corpus Practice and Procedure § 20.3 and Motion to Appoint Counsel and/or Investigator (Doc. 23); and Motion for Leave of Court to File Comprehensive Legal Memorandum, and Legal Memorandum (Doc. 28). Each motion is fully briefed and ripe for adjudication.

**I.    DISCOVERY AND SUMMARY JUDGMENT**

As an initial matter, motions for summary judgment are not contemplated by the statutes governing habeas corpus. 28 U.S.C. § 2241, *et seq.* Habeas proceedings are, by their nature, presumptively summary proceedings. *See* Rules Governing Section 2254

1 Cases, Rule 8 (determination whether hearing required). As such, to the extent Petitioner's
2 motion (Doc. 16) seeks summary judgment, it is unnecessary and procedurally improper.
3 Furthermore, although the title suggests it is a motion for summary judgment, in addition
4 to one for discovery, the body of the motion focuses on the discovery sought. Accordingly,
5 the Court will treat the motion solely as one for discovery.

6 Petitioner seeks "this Court [to] ORDER the Respondents to produce the evidence
7 they claimed to possess [regarding the search of GR's computer] which the Petitioner relied
8 on in deciding to accept a plea to crimes he did not commit." Pet.'s Mot. for Disc. and
9 Mot. for Summ. J. (Doc. 16) at 1 (emphasis in original). Petitioner asserts that "[t]he
10 relevant facts are located in GROUND TWO of the Petitioners [sic] petition for writ of
11 habeas corpus and the Petitioner incorporates this portion of the petition into his motion."
12 *Id.* at 1–2 (emphasis in original) (citations omitted). Ground Two of Petitioner's Petition
13 (Doc. 1) alleges that he was "denied his 14th Amendment right to Due Process and his 6th
14 Amendment right to effective assistance because the prosecutor submitted false evidence
15 (through counsel that is not in the record) to obtain a coerced plea AND the Appellate Court
16 upheld the conviction relying solely on the prosecutors [sic] assertion the false evidence
17 existed." Petition (Doc. 1) at 12 (emphasis in original) (citations omitted).

18 "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to
19 discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S.
20 Ct. 1793, 1796–97, 138 L. Ed. 2d 97 (1997). Rule 6(a), Rules Governing Section 2254
21 Cases, provides, in relevant part, "[a] judge may, for good cause authorize a party to
22 conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in
23 accordance with the practices and principles of law." Moreover, "[a] party requesting
24 discovery must provide reasons for the request[,] . . . [and] include any proposed
25 interrogatories and requests for admission, and must specify any requested documents."
26 Rules Governing Section 2254 Cases, Rule 6(b). "Habeas is an important safeguard whose
27 goal is to correct real and obvious wrongs[;] [i]t was never meant to be a fishing expedition
28 for habeas petitioners to explore their case in search of its existence." *Rich v. Calderon*,

187 F.3d 1064, 1067 (9th Cir. 1999) (quotations and citations omitted).

Here, Respondents have asserted that "[t]o the extent that Stedcke's claim asserts a federal due process violation resulting from a false statement by the prosecutor . . . that claim . . . is technically exhausted but procedurally defaulted." Limited Answer (Doc. 17) at 27. Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S. Ct. 1060, 1068, 103 L. Ed. 2d 334 (1989). Until this Court determines that review is available, Petitioner cannot show good cause for discovery. *See Bracy*, 520 U.S. at 908–09, 117 S. Ct. at 1799 (good cause requires specific allegations that show reason to believe that a petitioner may be entitled to relief).

The remainder of Petitioner's Ground Two alleges an ineffective assistance of trial counsel claim. *See* Petition (Doc. 1) at 12. Petitioner's motion (Doc. 16) does not provide specific allegations to demonstrate how the discovery sought would show that his trial counsel was ineffective for relying on the information provided by the prosecution regarding alleged evidence from G.R.'s computer.[1] As such, the Court finds that Petitioner has not established good cause sufficient to warrant discovery, and his motion (Doc. 16) is denied.

## II. MOTION TO STRIKE

Petitioner seeks an Order striking any response by Respondents made after December 18, 2020 as untimely. *See* Pet.'s Mot. to Strike Any Further Response and Mot. for Summ. J. (Doc. 20). Respondents filed their Limited Answer to Petition for Writ of Habeas Corpus (Doc. 17) on December 17, 2020, prior to Petitioner's motion to strike. As such, Petitioner's motion is based on an incorrect factual allegation. Furthermore, as discussed in Section I, *supra*, summary judgment is improper. Accordingly, Petitioner's

---

[1] The interrogatories Petitioner proposes propounding upon trial counsel have little or nothing to do with evidence from G.R.'s computer.

- 3 -

motion to strike (Doc. 20) is denied.

## III. EXTENSION OF TIME

Petitioner seeks an additional sixty (60) days from the adjudication of his motion for discovery to file his Traverse. *See* Pet.'s Mot. for 60 Day Extention [sic] of Time to File Treverse [sic] From The Adjudication of the Petitioner's Motion for Discovery and Motion for Summary Judgment (Doc. 21). Petitioner also re-urges his need for discovery. *See id.* To the extent that Petitioner's motion (Doc. 21) seeks discovery, and for the reasons discussed in Section I, *supra*, the motion is denied. The Court will grant Petitioner's motion (Doc. 21) to allow additional time for the filing of his Traverse.

## IV. EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL

Petitioner seeks an evidentiary hearing and the appointment of counsel. *See* Mot. for Mandatory Hr'g Pursuant to Fed. Habeas Corpus Practice and Proc. § 20.3 and Mot. to Appt. Counsel and/or Investigatory (Doc. 23).

Section 2254, Title 28, United States Code, provides in relevant part:

> (e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall **not** hold an evidentiary hearing on the claim **unless** the applicant shows that—
>
>> (A) the claim relies on—
>>
>>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>>
>>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; **and**
>>
>> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254 (emphasis added). Furthermore, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a

particular case indicate that appointed counsel is necessary to prevent due process violations." *Id.* (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965); *see also Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) ("the district court abuses its discretion when the case is so complex that due process violations will occur absent the presence of counsel."). "[U]nless an evidentiary hearing is held, an attorney's skill . . . is largely superfluous; [and] the district court is entitled to rely on the state court record alone." *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986) (noting "that). In determining whether to request the assistance of an attorney, the Court considers the "likelihood of success on the merits and the ability of the [plaintiff] to articulate [his] claims pro se in light of the complexity of the legal issues involved." *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Any request for an evidentiary hearing is premature. As discussed in Section I, *supra*, at least one of Petitioner's claims may be procedurally defaulted and barred from review. Until the Court has an opportunity to review and assess Petitioner's habeas petition, an evidentiary hearing is unavailable. Further, Petitioner has had no trouble articulating his claims, and an attorney is unnecessary at this juncture. Petitioner's motion (Doc. 23) is denied.

## V. COMPREHENSIVE LEGAL MEMORANDUM

Petitioner seeks "leave of Court to file this legal memorandum with federal citations in support of the claims in his petition which also opposes the issues raised by the State which the Petitioner contends the legal citations will prove useful to the Court." Pet.'s Mot. for Leave of Court for Pet. to File Comprehensive Legal Mem., And Legal Mem. (Doc. 28). Petitioner's motion presents argument in response to Respondents' Limited Answer (Doc. 17). The Court will construe Petitioner's motion (Doc. 28) and Respondents' Response thereto (Doc. 30) as supplements to the Petition (Doc. 1) and Limited Answer (Doc. 17). The Court will not, however, rule on the merits of the

arguments at this juncture.  As such, the Court will direct the Clerk of the Court to terminate the motion.

## VI.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that

(1)   Petitioner's Motion for Discovery and Motion for Summary Judgement [sic] (Doc. 16) is DENIED;

(2)   Petitioner's Motion to Strike Any Further Response and Motion for Summary Judgement [sic] (Doc. 20) is DENIED;

(3)   Petitioner's Motion for 60 Day Extention [sic] of Time to File Treverse [sic] from the Adjudication of the Petitioner's Motion for Discovery and Motion for Summary Judgement [sic] (Doc. 21) is GRANTED in part and DENIED in part.  Petitioner shall have sixty (60) days from the date of this Order to file his Traverse;

(4)   Petitioner's Motion for Mandatory Hearing Pursuant to Federal Habeas Corpus Practice and Procedure § 20.3 and Motion to Appoint Counsel and/or Investigator (Doc. 23) is DENIED; and

(5)   Petitioner's Motion for Leave of Court to File Comprehensive Legal Memorandum, and Legal Memorandum (Doc. 28) shall be treated as a Supplement to his Petition (Doc. 1).  Respondents' Response (Doc. 30) shall be treated as a Supplement to their Limited Answer.  The Clerk of the Court is directed to terminate Petitioner's motion (Doc. 28).

Dated this 25th day of May, 2021.

Honorable Bruce G. Macdonald
United States Magistrate Judge