**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William R Stedcke, | No. CV-20-00346-TUC-RCC |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court is Petitioner William R. Stedcke's Motion to Reconsider Order Issued 4-12-22 (Doc 45). (Doc. 46.) On April 12, 2022, the Court granted Petitioner's request for a 60-day extension to file objections to the Magistrate Judge's Report and Recommendation ("R&R"). (Doc. 45.) The Court advised Petitioner that "because disposition of the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 will resolve the discovery and evidentiary issues highlighted in Petitioner's Motion for Extension of Time (*see* Doc. 33), the Court will deny objection as to the Magistrate Judge's Order denying Petitioner's Motion for Discovery and Motion for Evidentiary Hearing." (*Id.*) Petitioner seeks reconsideration of the latter part of the Order on the grounds that it will serve judicial economy as well as his due process rights to be permitted to object to the R&R's findings regarding Petitioner's motions for discovery and for an evidentiary hearing. (Doc. 46.)

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Granting such

a motion may occur when the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration need not be granted if it asks the district court merely "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). The motion is not a means to raise arguments that could have been raised in earlier proceedings, *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), nor to reargue the same matter, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with the court's determination is not reason enough to warrant reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

Here, Petitioner has not shown that reconsideration is required. Indeed, the Court's Order does not necessarily prevent Petitioner from, as he requests, being "allowed to file <u>one</u> pleading in which he states all of his objections to the R&R, including the Magistrate's conclusions regarding Petitioner's motions for discovery and for an evidentiary hearing." (Doc. 46 (emphasis in original).) The Court stated that resolution of Petitioner's Petition for a Writ of Habeas Corpus, upon consideration of the R&R and any objections filed, will resolve any discovery or evidentiary issues; thus, the "Court will deny objection as to *the Magistrate Judge's Order* (Doc. 43) denying Petitioner's Motion for Discovery and Motion for Evidentiary Hearing." (Doc. 45 (emphasis added).)

Therefore, notwithstanding the Court's Order, Petitioner may file a written objection as to any of the Magistrate Judge's findings *in the R&R*. To the extent that the evidence Petitioner sought through discovery and an evidentiary hearing is relevant to the Magistrate Judge's R&R findings regarding (1) whether Petitioner's due process claims are technically exhausted but procedurally defaulted or (2) whether Petitioner's IAC claims have merit, Petitioner may raise relevant objections to this Court. Petitioner may not independently

object to the Magistrate Judge's Order denying the motion for discovery and evidentiary hearing. If Petitioner can persuade this Court that the Magistrate Judge's findings *contained in the R&R* were in error with regard to procedural default or the merits of his claims, the Court will address whether an evidentiary hearing is appropriate at that time.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Reconsider Order Issued 4-12-22 (Doc 45) is **DENIED**. (Doc. 46.)

Dated this 22nd day of April, 2022.

Honorable Raner C. Collins
Senior United States District Judge