**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William R. Stedcke, | No. CV-20-00346-TUC-RCC |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

On March 31, 2022, Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation ("R&R") in which he recommended the Court dismiss Petitioner William R. Stedcke's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1). (Doc. 42.) Petitioner filed an objection to the R&R (Doc. 49), and Respondents filed a response (Doc. 53). On July 18, 2021, Petitioner filed a Motion for Leave of Court to Amend Petition & Expand Record (Doc. 56); Respondents objected (Doc. 57), and Petitioner replied (Doc. 58). Then, on November 28, 2022, Petitioner filed a Motion to Stay Habeas Proceedings that has been fully briefed. (Docs. 59, 62–63.) Upon review, the Court will deny the motion to amend and motion to stay, adopt the R&R, and dismiss Petitioner's § 2254 habeas petition.

///

///

## I. MOTION FOR LEAVE OF COURT TO AMEND PETITION AND EXPAND RECORD

Months after filing his objection to the R&R, Petitioner motions this Court to allow him to amend his habeas petition and expand the record. (Doc. 56.)

A district court considers five factors when deciding whether to permit amendment: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended its complaint." *See W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991).

Petitioner has had years to raise these issues and an opportunity to object to any error he believes the Magistrate Judge committed in the R&R. In fact, Petitioner filed an extensive 36-page objection. (Doc. 49.) Amendment would cause undue delay, raising new issues this late in litigation would prejudice Respondents, and Petitioner has not shown that amendment would be anything but futile. Moreover, he did not attach a proposed amended complaint and therefore has not followed Local Rule of Civil Procedure 15.1(a).

The Court, therefore, denies the motion and declines to address the issues raised therein.

## II. STANDARD OF REVIEW

The standard the district court uses when reviewing a magistrate judge's R&R is dependent upon whether a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects, the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with

instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Moreover, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

A petitioner's objections to an R&R must specifically indicate the findings and recommendations with which he disagrees. Fed. R. Civ. P. 72(b). In addition, arguments raised for the first time in an objection need not be reviewed. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) ("[A] district court may, but is not required to, consider evidence presented for the first time in a party's objection to the magistrate judge's recommendation.").

There being no objection to the factual summary of the case, the Court adopts the Magistrate Judge's recitation of the facts, and only summarizes them as necessary to address Petitioner's objections.

## III.   PETITIONER'S OBJECTIONS

### a.   GROUND 1: DUE PROCESS–ACTUAL INNOCENCE

Petitioner's Ground 1 asserts that "he was denied his 14th Amendment right to Due Process because he was coerced to plead guilty to crimes he did not commit[] (i.e.[,] Actual Innocence)[.]" (Doc. 1 at 6.) Petitioner pleaded guilty to one count of sexual exploitation of a minor under fifteen, one count of sexual exploitation of a minor under fifteen in the second degree, and one count of luring a minor for sexual exploitation. (Doc. 42 at 6.) He claims he is innocent of his conviction for luring of a minor because he spoke to the purported father of a minor, which neither qualified as "a minor NOR an officer posing as a minor as the A.R.S. § 13-3554 statute plainly requires as an element of the crime." (Doc. 1 at 6.) In addition, Petitioner claims his convictions for sexual exploitation of a minor constitute double jeopardy because they require the basic elements of his luring

conviction, and since he is actually innocent of luring, he must also be innocent of exploitation. (*Id.*)

The Magistrate Judge indicated that Petitioner's state Petition for Post-Conviction Relief ("PCR") did not raise a Fourteenth Amendment claim, but simply challenged the denial of his Sixth Amendment right to effective assistance of counsel. (Doc. 42 at 22 (citing Doc. 17-1).) Therefore, the Magistrate Judge concluded Petitioner had not "fairly presented" Ground 1 to the state court, making this ground procedurally defaulted without excuse. (*Id.* at 22, 25) The Magistrate Judge added Petitioner had not shown that his actual innocence claim created a miscarriage of justice because, despite his allegations, he had not shown that "no reasonable factfinder would have found [him] guilty of the underlying offense." (*Id.* at 23 (quoting 28 U.S.C. § 2254(e)(2)(B)).)

First, Petitioner objects to the Magistrate Judge's conclusion that Petitioner did not fairly present his Fourteenth Amendment Due Process claim to the state court. (Doc. 49 at 6.) He believes he should not have to use proper terms such as "due process" or relevant authority in his state proceedings because he is proceeding pro se. (*Id.* at 9.) Therefore, Petitioner argues, his assertion of actual innocence was sufficient to presume he presented his due process claims. (*Id.* at 6–8.)

Federal courts may not review habeas claims the petitioner failed to present to the state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim . . . ." *Baldwin v. Reese,* 541 U.S. 27, 29, 32 (2004). And although pro se pleadings are liberally construed, *Haines v.*

*Kerner*, 404 U.S. 519, 520–21 (1972), to "fairly present a claim (in the state court), the petitioner must clearly state the federal basis and federal nature of the claim, along with relevant facts," *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011). In sum, a petitioner must make "reference to a specific federal constitutional guarantee." *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). Mere implication of a federal cause of action is insufficient. *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds); *Fragoso v. Dupnik*, No. CV-13-0159-TUC-LCK, 2016 WL 3457900, at *2 (D. Ariz. June 24, 2016) (concluding that because petitioner "failed to provide any signal in his appellate brief that he was citing it for federal principles, the Fourth Amendment claim was not fairly presented").

The Magistrate was correct—Petitioner did not fairly present the federal basis for his claim to the state court. Petitioner's Sixth Amendment ineffective assistance of counsel claim did not constitute a Fourteenth Amendment due process claim. Therefore, Ground 1 is not exhausted and is procedurally defaulted.

When a petitioner's claim is unexhausted and procedurally defaulted, the district court may only consider the merits of the claim if Petitioner shows: (1) cause for his failure to fairly present the federal claim and (2) resulting prejudice. *Coleman*, 501 U.S. at 722. "Cause" ordinarily relies on circumstances objectively unrelated to petitioner, including "a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable." *Id.* (internal citations and quotation marks omitted). "[T]he cause and prejudice standard will [also] be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'" *Id.* (quoting *Engle v. Isaac*, 456 U.S. 107, 135

(1982)). "The fundamental miscarriage of justice exception is available 'only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence.'" *Herrara v. Collins*, 506 U.S. 390, 404 (1993) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). Therefore, "'actual innocence' is . . . a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* Demonstrating a fundamental miscarriage of justice requires the petitioner to "establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).

Petitioner asserts that the failure to raise his Fourteenth Amendment claim in the state court should be excused because he is actually innocent of both luring and sexual exploitation. (Doc. 49 at 6.) Again, he argues that he did not speak directly to a minor or someone posing as a minor and therefore he could not be convicted of either crime because his actions did not meet the statutory elements. (*Id.*) He also claims he could not have been in possession of child pornography because a neighbor, G.R., had possession of a thumb drive with various images of child pornography at the time images were downloaded to Petitioner's computer. (*Id.*)

First, Petitioner could have raised this issue in the state court PCR proceedings so he has not shown any circumstance outside his control prevented him from raising this claim.

Second, Petitioner has not met the high burden of showing "no reasonable factfinder would have found [him] guilty" because—despite his allegations, there is no evidence showing Petitioner did *not* have access to his computer, and evidence existed suggesting Petitioner had connected the thumb drive to his computer to download photos. (*See* Doc. 1-6 at 5–7; Doc. 17-2 at 98.)

Third, even if the Court considered Petitioner's claim, it has no merit.

Petitioner's Ground 1, in essence, challenges the state court's interpretation of state law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (first citing 28 U.S.C. § 2241; then citing *Rose v. Hodges*, 423 U.S. 19, 21 (1975)). Thus, his argument is not reviewable in habeas.

Nonetheless, Petitioner raised a similar argument before the Arizona Court of Appeals, albeit under the guise of a Sixth Amendment ineffective assistance of counsel claim. Petitioner alleged that his actions did not meet the elements of the luring conviction. (Doc. 17-2 at 100.) The appellate court explained why this argument would not be meritorious:

> Stedcke further asserts that his conduct in the luring case did not meet the requirements of A.R.S. § 13-3554. Stedcke relies on our supreme court's decision in *Mejak v. Granville*, 212 Ariz. 555 (2006), but the statute has since been revised to eliminate the limitation discussed in that decision. 2007 Ariz. Sess. Laws, ch. 248, § 8. Any such motion filed by counsel would have failed.

(*Id.*)

Next, Petitioner alleges the Magistrate Judge erred because he did not consider that the state court had no jurisdiction over his case because he was actually innocent. (Doc. 49 at 10.) "[T]his Court cannot review alleged state court errors, such as a state court's lack of jurisdiction." *Tucker v. Ryan*, No. CV-13-00577-PHX-JAT, 2014 WL 1329293, at *5 (D. Ariz. Apr. 1, 2014); *Reel v. Ryan*, 2013 WL 2284988, at *5 (D. Ariz. May 22, 2013) (Federal courts "cannot review the state law issue of whether the state court had jurisdiction.").

Finally, Petitioner objects to the Magistrate's failure to address his ineffective assistance of counsel claims in Ground 1. (Doc. 49 at 11.) Ground 1 of

Petitioner's §2254 habeas petition does not raise an ineffective assistance of counsel claim therefore the judge did not err.

In sum, the Magistrate Judge was correct when he found Petitioner's Ground 1 was procedurally defaulted without excuse. In addition, his assertion of actual innocence fails to meet the high burden for relief.

### b. GROUND 2: DUE PROCESS & INEFFECTIVE ASSISTANCE–PROSECUTORIAL MISCONDUCT

In Ground 2, Petitioner claims he "was denied his 14 Amendment right to Due Process and his 6th Amendment right to effective assistance [of counsel] because the prosecutor submitted false evidence (through counsel that is not in the record) to obtain a coerced plea and the Appellate Court upheld the conviction relying solely on the prosecutor's assertion the false evidence existed." (Doc. 1 at 12.) Petitioner claims the prosecutor indicated there was no forensic evidence on neighbor G.R.'s computer showing that G.R. had viewed the thumb drive with the offensive images. (*Id.* at 11.) Based on the prosecutor's representations, Petitioner accepted the plea agreement because "without the evidence there would be no 3rd party defense . . . ." (*Id.*) Petitioner maintains that it was not until he obtained the case file after his PCR petition was denied that he discovered there was no evidence that G.R.'s computer had been forensically searched. (*Id.* at 12.) Petitioner then submitted a supplement to his appeal to the Arizona Court of Appeals requesting disclosure of the prosecution's evidence. (*Id.* at 12–13.)

The Magistrate Judge concluded Ground 2 was procedurally defaulted because it was not fairly presented in his PCR petition as a Fourteenth Amendment due process or prosecutorial misconduct claim—the PCR petition merely asserted a Sixth Amendment claim for ineffective assistance of counsel. (Doc. 42 at 25) Moreover, the Magistrate determined that Petitioner had not shown cause for the failure or that prejudice resulted. (*Id.*)

1
2
3
4
5

Petitioner objects to the Magistrate Judge's determination that Petitioner had not fairly presented his due process and prosecutorial misconduct claims. (Doc. 49 at 11.) Petitioner alleges he could not have raised Ground 2 in his first PCR because he did not receive the newly discovered evidence until after his first round of PCR proceedings. (Doc. 49 at 13.)

6
7
8
9
10
11
12
13
14
15
16
17
18
19

Petitioner did not raise the Fourteenth Amendment due process and Sixth Amendment claims to the state court, and nothing prevented him from doing so when he acquired the purported evidence demonstrating his innocence. Under the Arizona Rules of Criminal Procedure, Petitioner could have filed a successive petition for PCR, citing newly discovered evidence. *See* Arizona Rules of Criminal Procedure 33.1(e) (petitioner may file for post-conviction relief if "newly discovered material facts probably exist, and those facts probably would have changed the judgment or sentence."). Petitioner makes no attempt at explaining why he did not do so. He has therefore failed to show cause for his procedural default and relief is unwarranted. Moreover, Petitioner has not shown he was prejudiced after discovering that G.R.'s computer had not been searched, because evidence still existed connecting the offensive photographs to Petitioner's computer. (*See* Doc. 42 at 4.)

20
21
22

Accordingly, Petitioner has not demonstrated that the Magistrate Judge's conclusions were erroneous. Petitioner's Ground 2 is procedurally defaulted without excuse.

23

### c. GROUND 3(A): INEFFECTIVE ASSISTANCE—MOTIONS TO DISMISS

24
25
26
27
28

Ground 3(a) alleges trial counsel rendered ineffective assistance by failing to file certain pretrial motions to dismiss. (Doc. 1 at 16.) The first motion Petitioner claims counsel should have filed recounts his argument that he did not speak "to a child or an officer posing as a child" and so he was actually innocent of the luring a minor for sexual exploitation conviction because his actions did not fit the

statutory language for the offense. (*Id.* at 16.) In addition, Petitioner believes that counsel should have filed (1) a motion to dismiss Count 2 because it constituted double jeopardy; (2) a motion to dismiss Counts 2–10 for judicial economy and because one element could not be proven, and (3) a motion to dismiss Count 1 in the second indictment because a detective's statement showed Petitioner was not in possession of the thumb drive when the pornography was downloaded to his computer. (*Id.* at 16–17.)

The Magistrate Judge determined that Petitioner's arguments were waived because he had not explained how trial counsel's failure to file the motions rendered his plea "unknowing, involuntary, or unintelligent." (Doc. 42 at 27.)

Petitioner objects, arguing counsel's failure to file pretrial motions caused him to make an uninformed choice whether to accept the plea agreement. (Doc. 49 at 16.) The Government disagrees, stating Petitioner "did not claim that his trial counsel's failure to file the various motions to dismiss prevented him from making an informed choice regarding whether to accept the plea agreement." (Doc. 53 at 7 (citing Doc. 1 at 16–18).)

"The general rule is that a guilty plea bars a petitioner from obtaining federal habeas corpus relief based on pre-plea constitutional violations." *Pfeiff v. Shinn*, CV180450TUCJASJR, 2021 WL 2636753, at *2 (D. Ariz. Apr. 26, 2021), *report and recommendation adopted*, CV18450TUCJASJR, 2021 WL 2635457 (D. Ariz. June 25, 2021) (citing *Tollett v. Henderson*, 411 U.S. 258, 266 (1973)). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [incompetent]." *Tollett*, 411 U.S. at 267 (citing *McMahon v. Richardson*, 397 U.S.

759, 772 (1970)).

The Court agrees with the Government. Petitioner has not adequately explained how failing to file pretrial motions made counsel's advice whether to accept the plea agreement ineffective.

Insofar as Petitioner is attempting to claim that if counsel had filed the pretrial motions to dismiss Petitioner would have learned of his ability to challenge whether the facts of his case met the elements of the luring statute, the record undermines his assertion. As noted by the trial court, Petitioner argued in his pro se PCR petition that his trial counsel was ineffective for failing to file a motion to dismiss because "the recipient of the communications was not a child, there was never a crime of luring a child for sexual exploitation . . . ." (Doc. 17-2 at 38 (quotation marks omitted).)

However, counsel's affidavit to the PCR court explained:

> Mr. Stedcke alleges that the luring charge was unconstitutional because his conversations were with an undercover police officer, not a child. I disagreed with Mr. Stedcke on whether we could win an argument that the charges were unconstitutional. . . . I informed Mr. Stedcke that if we made the argument that the luring charges were unconstitutional, we would lose any chance to negotiate a plea. I also informed Mr. Stedcke that even if we were able to win on a constitutional defense for his luring case, he still had 10 counts of sexual exploitation of a minor to contend with and the sentence for that case was far more severe than any sentence for his luring charges.

(Doc. 17-2 at 24–25.)

The PCR court noted that counsel "discussed the potential constitutional challenge to the Luring claim and explained how such a challenge would preclude any plea negotiation on the much more serious 10 counts of Sexual Exploitation of a Minor." (Doc. 17-2 at 40.) The PCR court concluded that counsel rendered effective assistance by "foregoing a constitutional claim against the Luring charge

to again mitigate sentencing exposure." (Doc. 17-2 at 42.)

And so, even if considered on the merits, failing to challenge the luring charge with a motion to dismiss was sound trial strategy and did not constitute ineffective assistance of counsel.

In addition, Petitioner has not shown that (1) the other motions to dismiss rendered his plea agreement involuntary, unintelligent, or unknowing; or that (2) the motions would have been successful or would have changed the outcome. The Court agrees with the Magistrate Judge that Ground 3(a) is waived because Petitioner did not link how the filing of the motions caused his plea to be constitutionally deficient.

### d. GROUND 3(B): INEFFECTIVE ASSISTANCE—INVESTIGATION

In Ground 3(b), Petitioner claims that counsel was ineffective because he failed to conduct a proper investigation, which would have revealed that the prosecution had not forensically searched G.R.'s computer. (Doc. 1 at 16.)

The Magistrate found that Ground 3(b) had been fairly presented to the state court, but that Petitioner had not shown counsel's failure to investigate constituted ineffective assistance. (Doc. 42 at 30.) The Magistrate Judge noted that the Arizona Appellate Court had determined "it could not 'say there is a likelihood that additional evidence as to G.R.'s use of the thumb drive would have been found, nor has Stedcke shown that any such evidence would have changed the outcome of a trial, given the evidence of the photographs having been viewed on his computer." (*Id.* at 31 (quoting Doc. 17 at 99).) The Magistrate observed that the trial court also found his assertions unpersuasive because they conflicted with his statements during his plea colloquy. (*Id.*) The state court determination, the Magistrate concluded, was not contrary to or an unreasonable application of federal law, and Petitioner had failed to show prejudice. (*Id.*)

Petitioner believes the Magistrate erred because (1) a letter from the House

of Representatives shows luring a police officer does not meet the elements of the conviction, (2) there was only one pornographic image found on the thumb drive and "the image on his computer was in the cache area, which Petitioner did not have access to" and only G.R. could have accessed, (3) prosecutors never searched G.R.'s computer, (4) counsel did not file a notice of defenses, and (5) the images on the thumb drive had generic names and could not be linked to Petitioner's computer. (Doc. 49 at 17–21.) Petitioner claims counsel's failure to investigate these facts forced him to plead guilty, making his plea agreement involuntary and unintelligent. (*Id.* at 21.) Therefore, Petitioner asserts the Magistrate Judge's reliance on the plea colloquy was erroneous. (*Id.*)

To raise a colorable claim of ineffective assistance of counsel, a petitioner must demonstrate both that counsel's performance was deficient, and that petitioner was prejudiced because of counsel's deficient actions. *Strickland v. Washington*, 466 U.S. 668, 686–90, (1984).   There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Carrera v. Ayers*, 670 F.3d 938, 943 (9th Cir. 2011) (quoting *Strickland*, 466 U.S. at 689). Moreover, ineffective assistance of counsel claims in a habeas petition are "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011). "When §2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.* Under this deference, prejudice requires a petitioner demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 104. "Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other."  *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

Petitioner cannot show the Magistrate Judge's conclusion that Petitioner could not show prejudice was erroneous. As stated previously, Petitioner's

argument that counsel's actions were ineffective because the facts of Petitioner's case did not meet the statutory elements of the crime are non-meritorious. Moreover, the state court findings[1] demonstrate that Petitioner spoke with undercover detectives about having sex with a 12-year-old child. (Doc. 42 at 2.) In addition, G.R. stated that Petitioner gave G.R. the thumb drive containing images of sex abuse for safekeeping. (*Id.* at 3–4.) The thumb drive contained "hundreds of images depicting prepubescent children engaged in sex acts and exploitative exhibition of their genitals." (*Id.* at 4.) There was evidence the thumb drive was connected to Petitioner's computer. (*Id.*) Moreover, Detectives found "numerous files depicting child erotica in the Windows thumbnail cache" of Petitioner's computer. (*Id.*) Furthermore, regardless of the whether G.R.'s computer was forensically searched, prior to the plea colloquy the prosecutor "noted that the [] operating system [on G.R.'s computer] had been installed more than a month after the investigation date, which may have removed possible artifacts related to the USB drive." (*Id.*) So, at the time Petitioner pled guilty there was a plausible third-party defense and the prosecution's evidence did not depend on the forensic investigation of G.R.'s computer. Therefore, the undersigned agrees with the Magistrate Judge that Petitioner has not shown he was prejudiced by any failure of defense counsel to investigate, and the state courts' conclusions were not contrary to or an unreasonable application of federal law.

### e. GROUND 3(C): INEFFECTIVE ASSISTANCE–FALSE INFORMATION

In Ground 3(c), Petitioner asserts counsel was ineffective because he "provided false information and inadequate advice to coerce the Petitioner into pleading guilty to crimes he did not commit." (Doc. 1 at 16.) The Magistrate Judge found Petitioner fairly presented this matter to the Arizona Court of Appeals and

---

[1] State court findings are entitled to a presumption of correctness and Petitioner has not shown by clear and convincing evidence that the findings are erroneous. 28 U.S.C. § 2254(e)(1); *Schriro v. Landrigan*, 550 U.S. 465, 473–74 (2007).

was denied. (Doc. 42 at 32.) The appellate court, the Magistrate noted, "found that '[t]he evidence here, data from the computer's thumbnail cache, showed Stedcke had viewed the photographs on his computer,'" and concluded "[t]he decision whether to challenge that evidence in a pretrial motion was a strategic one, and viewed in relation to the plea offer, we cannot say Stedcke has overcome the presumption that counsel's decision was proper." (*Id.* (quoting Ex. X, Doc. 17-2 at 100).) The Magistrate Judge agreed that Petitioner had not demonstrated that counsel was ineffective, nor had he shown the state appellate decision was "contrary to or an unreasonable application of clearly established Supreme Court law or based on an unreasonable determination of the facts." (*Id.* (first citing 28 U.S.C. § 2254(d); then citing *Bell v. Cone*, 535 U.S. 685, 698–99 (2002).)

Petitioner objects, arguing that the Magistrate was incorrect for similar reasons as presented in other grounds: (1) there is no evidence Petitioner viewed the alleged images of child abuse, (2) Petitioner accepted the plea agreement based on the prosecutor's assertion that G.R.'s computer had been forensically searched, (3) counsel did not conduct a proper investigation, (4) Petitioner is actually innocent of the offenses, (5) Petitioner did not have the full record available until after the plea agreement. (Doc. 49 at 24–28.) Thus, Petitioner argues the Magistrate erred when he found Petitioner's plea agreement was knowing, voluntary, and intelligent. (*Id.* at 24.)

Upon de novo review, the Court agrees with the Magistrate Judge. For the reasons stated previously, Petitioner's arguments fail to show counsel was ineffective or to demonstrate that the state court's conclusions were contrary to federal law or an unreasonable application of facts.

///

///

### f. GROUND 4: INEFFECTIVE ASSISTANCE–ORAL MOTION TO JOIN INDICTMENTS

Petitioner's Ground 4 claims he "was denied his 6th Amendment right to effective assistance because counsel submitted an ORAL motion to join the two indictments without first requesting the proper mandated hearings pursuant to [Arizona Rule of Evidence] 404(c)." (Doc. 1 at 21.) In making an oral motion, Petitioner argues, trial counsel "gave up the right and opportunity to present evidence that would have shown the petitioner was never in possession of the illegal images located on the thumb drive; count 2 of the first indictment was double jeopardy, and count 1 of the first indictment was insufficient as a matter of law." (*Id.*) Had trial counsel insisted on a hearing "[a]t least the Petitioner would have had an opportunity to appear in Court, call witnesses, review the State's evidence, and benefit from the Court's assessment and evaluation from the hearing." (*Id.* at 23.)

The Magistrate Judge stated Petitioner's Ground 4 was waived because it "does not address how these alleged failures by trial counsel caused his plea to be unknowing, involuntary, or unintelligent." (Doc. 42 at 27; *see also* Doc. 17-2 at 99 (Arizona Court of Appeals' finding that "Stedcke has not explained how the consolidation of his cases was relevant to his decision to enter a guilty plea, nor has he established that counsel's decisions in that regard were deficient.").)

Petitioner claims the Magistrate Judge incorrectly concluded Petitioner had not shown his plea was involuntary, because if counsel had requested a hearing counsel could have "shown the trial court the same evidence the Petitioner has shown this Court [and] the other acts would not have been allowed." (Doc. 49 at 25.)   In addition, Petitioner asserts that counsel's failure to investigate led to a failure to discover exculpatory evidence, which "provided no information which allowed the Petitioner to make a knowingly, voluntarily, or intelligent decision to

accept the plea." (*Id.*)

"[A] guilty plea bars a petitioner from obtaining federal habeas corpus relief based on pre-plea constitutional violations." *Pfeiff*, 2021 WL 2636753, at *2 (citing *Tollett*, 411 U.S. at 266)). When a defendant pleads guilty to an offense, he cannot then challenge constitutional deprivations that may have occurred prior to pleading guilty; "[h]e may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [ineffective]." *Tollett*, 411 U.S. at 267.

Petitioner has provided no explanation why consolidation of the two indictments prevented Petitioner from entering into a plea agreement knowingly, voluntarily, or intelligently or and fails to demonstrate that keeping the two indictments separate would have led to a different outcome. The Court agrees with the Magistrate Judge that Petitioner's guilty plea waived his argument in Ground 4 pursuant to *Tollett*.

### g. GROUND 5—INEFFECTIVE PCR COUNSEL

Ground 5 states Petitioner "was denied his 6th Amendment right to counsel because the PCR court failed to appoint 'NEW' counsel to vigorously argue issues of merit during the PCR proceedings." (Doc. 1 at 25.)

The Magistrate Judge noted that Petitioner had presented this issue to the trial court upon reconsideration of his original PCR petition and to the Arizona Court of Appeals. (Doc. 42 at 24.) However, the appellate court determined that Petitioner was required to raise an ineffective assistance of PCR counsel claim "in a second, timely proceeding, not in the instant proceeding." (*Id.* (citing Doc. 17-2 at 98).) The Magistrate Judge noted that the appellate court's procedural determination:

> . . . is an independent and adequate state law ground precluding federal habeas review. *Stewart v. Smith*, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (recognizing independence of Rule 32 procedural determinations); *Carriger v. Lewis*, 971 F.2d 329, 333 (9th Cir. 1992)

> (rejecting argument that application of Arizona procedural rules "was so unpredictable and irregular that it does not provide an adequate ground for disposal of [petitioner's] claims."). The appellate court was explicit in its reliance on the state procedural bar rule. *Harris v. Reed*, 489 U.S. 255, 264, 109 S. Ct. 1038, 1044, 103 L. Ed. 2d 308 (1989). Additionally, the Rule 32 court need for additional factual information from trial counsel does not equate to Petitioner having a meritorious claim. As such, this Court is precluded from habeas review unless Petitioner can show cause and actual prejudice.

(*Id.*) Thus, the Magistrate Judge determined that Petitioner's Ground 5 was procedurally defaulted without excuse. (Doc. 42 at 24–25.)

Petitioner believes that the Arizona Court of Appeals' determination was an "unreasonable determination of the facts because the ineffective assistance claims were against trial (plea negotiations) counsel not Rule 33 counsel." (Doc. 49 at 28.) He alleges that since his ineffective assistance of trial counsel claims had merit, the trial court was required to appoint new counsel after original PCR counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) erroneously stating there were no meritorious claims. (*Id.*)

Petitioner's Ground 5 explicitly alleges that the failure to appoint new counsel *for his PCR petition* constituted ineffective assistance because there was merit to his claims against trial counsel. Petitioner's objection does not undermine the Arizona Court of Appeals' determination that Ground 5 must be raised in a successive PCR petition—something Petitioner failed to do. Petitioner has not shown cause for the failure or resulting prejudice. The Court agrees with the Magistrate Judge that the appellate court decision was an independent and adequate state law ground precluding this Court's review.

### h.  MOTION FOR DISCOVERY

Petitioner objects to the Magistrate Judge's order denying his Motion for Discovery (Doc. 36). (Doc. 49 at 2–5.) The Magistrate Judge found that because

the concurrently filed R&R recommended dismissing the §2254 habeas, that all pending motions were moot. Because the Court agrees that Petitioner's § 2254 habeas is non-meritorious and the Court adopts the R&R, the Magistrate Judge's conclusion that the discovery motion was moot is correct.

## IV.  MOTION TO STAY HABEAS PROCEEDINGS

Petitioner's Motion to Stay Habeas Corpus Proceedings asks the Court to stay proceedings to allow him to litigate in state court to challenge the state luring statute and then to amend his habeas petition. (Doc. 59.) Petitioner states his successive PCR petition argues the state courts have "misapplied clearly established State Law." (Doc. 59 at 1.) He reiterates his earlier claim that the luring statute does not apply the facts of his case. (Doc. 62-1 at 3–8.) The state court has already denied the successive PCR petition, stating "[Stedcke] has not provided sufficient reasons to explain why he did not raise these claims in a previous petition or otherwise timely manner." (*Id.* at 14–15.) The Arizona Court of Appeals concurred, granting review but denying relief. (*Id.* at 35–37.) It is this decision that Petitioner claims is up for review in the Arizona Supreme Court. Petitioner acknowledges he "has continuously argued this issue" but believes has shown good cause to "return to the state courts to present this claim." (*Id.* at 2.)

"[S]tay and abeyance should be available only in limited circumstances[, it] is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

The Court finds a stay is inappropriate. First, Petitioner has not shown there is good cause for his failure to raise his claims in the state court in a timely manner. Petitioner waited until two years after filing his habeas petition, four

months after the issuance of the R&R, and two months after filing his written objections to begin PCR proceedings and file the motion to stay in this Court. Petitioner has no justification for the delay. Second, as described above, Petitioner's exhausted claims do not have merit. Third, to stay proceedings at this juncture undermines the purpose of the one-year time limit set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See id.* ("Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA.") The Court will therefore deny the Motion to Stay Habeas Proceedings.

## V.   CONCLUSION

Upon de novo review of Petitioner's objections, the Court agrees with the Magistrate Judge's conclusions. Petitioner has not presented any claims that entitle him to relief in habeas.

## VI.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable persons could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).

Accordingly, **IT IS ORDERED**:

1. Magistrate Judge Bruce G. Macdonald's Report and Recommendation is **ADOPTED**. (Doc. 42.)

2. William R. Stedcke's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) is **DENIED**. (Doc. 1.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3. Petitioner's Motion for Leave of Court to Amend Petition & Expand Record is **DENIED**. (Doc. 56.)

4. Petitioner's Motion to Stay Habeas Proceedings is **DENIED**. (Doc. 59.)

5. The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 25th day of January, 2023.

Honorable Raner C. Collins
Senior United States District Judge